# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LOFTI CHARFAOUI,**

      **Plaintiff,**

**v.**                                                        **Case No:   6:15-cv-1379-Orl-41KRS**

**KOSHER GOURMET, INC. and ERIC KESSOUS,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR DISMISSAL OF ALL CLAIMS WITH PREJUDICE (Doc. No. 26)**
>
> **FILED:**     **February 4, 2016**

### I. BACKGROUND.

Plaintiff Lofti Charfaoui filed a complaint against Defendants Kosher Gourmet, Inc. and Eric Kessous, raising a claim for failure to properly pay overtime compensation as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Doc. No. 1. On February 4, 2016, counsel filed the instant motion, indicating that the parties reached a settlement and requesting that the Court approve that settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 26. They submitted a copy of the settlement agreement with

the motion.  Doc. No. 26-1.  The parties also stipulate to dismissal of Plaintiffs' claims with prejudice upon settlement approval.  *Id.* at 7.

The parties' motion was referred to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II.  APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  679 F.2d at 1353.  Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1]  If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III. ANALYSIS.**

    *A.    Whether Plaintiff Has Compromised His Claim.*

Under the Settlement Agreement, Defendants will pay a total of $9,000.00. Doc. No. 26-1, at 2 ¶ 3. Of that amount, Plaintiff will receive $2,500.00 as unpaid wages, for which the appropriate taxes will be withheld. *Id.* Plaintiff will also receive $2,500.00 as liquidated damages. *Id.* Finally, Plaintiff's counsel will receive $4,000.00 as attorneys' fees and costs. *Id.*

In his response to the Court's interrogatories, Plaintiff claimed an entitlement to $13,650.00. Doc. No. 21-1, at 3 ¶ 7. That sum included the liquidated damages claimed by Plaintiff. *Id.* Given that Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*.

    *B.    Whether the Amount Is Fair And Reasonable.*

Because Plaintiff has compromised his claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable. Through counsel, the parties represent that they disagree over whether Plaintiff was paid for all overtime worked and whether Plaintiff was exempt from the FLSA's overtime requirements. Doc. No. 26, at 1–2 ¶ 2. The parties disputed Plaintiff's dates of employment, the amount of overtime worked, and the frequency with which Plaintiff worked over forty hours per week. *Id.* at 2 ¶ 6. Plaintiff also acknowledges that, if the case proceeds, he could potentially obtain no compensation. *Id.* at 3–4 ¶ 11.

These facts adequately explain the reasons for the compromise. Accordingly, I recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d

at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

   *C. Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised his FLSA claim, the Court must also consider whether the payment to his attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti*, 715 F. Supp. 2d at 1228. If the parties do not agree to the attorney's fees "separately and without regard to the amount paid to the plaintiff," however, the Court should determine the reasonable fee using the lodestar approach. *Id.*

Here, the parties represent that the attorneys' fees and costs were agreed upon separately and without regard to the amount to be paid for Plaintiff's underlying claims. Doc. No. 26, at 6–7. Based on this representation, there is no reason to believe that the amount Plaintiff agreed to accept was adversely affected by the amount of fees paid to his counsel.

   *D. Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here, the relevant release language is as follows: "LOFTI CHARAFOUI does hereby release and discharge[] KOSHER GOURMET, INC. and ERIC KESSOUS, and their predecessors, successors, assigns,

affiliated companies, shareholders, administrators, partners, officers, directors, employees, agents and attorneys from the FLSA claim asserted in Case No. 6:15-cv-1379-ORL-41-KRS." Doc. No. 26-1, at 3 ¶ 5.

The above language is narrowly tailored to release only the FLSA claim asserted in this case, and the agreement does not elsewhere contain a broader release of claims by Plaintiff. Accordingly, the release does not undermine the fairness or reasonableness of the settlement agreement.

## IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT in part** the Joint Motion for Approval of Settlement Agreement and for Dismissal of All Claims with Prejudice (Doc. No. 26);

2. **FIND** that the parties' settlement agreement (Doc. No. 26-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3. **DISMISS** the case with prejudice; and

4. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 5, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE